

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

**GERALD C. MANN**
~~XXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. Claud Wolf
County Auditor
Howard County
Big Spring, Texas

Opinion No. O-1338

Re: Regardless of the law as set out
in Art. 1645a, may any county, when
it is deemed necessary by the Com-
missioners' court and district
Judge or judges, appoint an Auditor
and fix his salary and, if the
commissioners' court so desires,
may it direct such Auditor to
act also as Purchasing Agent?

Dear Sir:

Your request for an opinion on the above stated question, to-
gether with other questions incidental thereto, has been received by this
department.

Your letter reads as follows:

"I will appreciate your opinion on the following
questions:

"Art. 1645a Vernon's Annotated Civil Statutes
says in part:  that all counties having a population
of not less than twenty four thousand one hundred
and twenty five (24,125) nor more than twenty four
thousand one hundred and fifty (24,150) according to
the last preceding Federal Census, and employing a
County Auditor, said County Auditor in addition to
the regular duties performed by him as required by
law, shall act as Purchasing Agent for the county
when so directed by the Commissioners Court of such
County.

"Does this mean that if such county had a popu-
lation of 24,124 or 24,151 this law would not apply?

"Art. 1645a-3 says in substance that any county
having less than $15,000,000 Fifteen Million dollars
tax valuation and a population of not less than
20,100 nor more than 20,150 may employ an auditor
through Commissioners Court if said Court deems such
auditors services necessary.

"Does this mean that the population would have
to be literally between these two figures in order for
this law to apply, and that a county with a tax valua-
tion of less than $15,000,000 can not avail themselves
of the services of an auditor unless the population is
exactly between 20,100 and 20,150?

"Art. 1646 says in substance that any county not
enumerated in the preceding Article shall determine
that an auditor is a public necessity can through the
Commissioners Court and District Judge have the ser-
vices of such auditor, provided that at any time after
one year if in the opinion of the District Judge the
services are not necessary he may discontinue same.

"Does this mean that regardless of the law as set
out in Art. 1645a any county may when deemed necessary
by the Commissioners Court and District Judge or Judges,
may appoint an auditor and fix his salary, and that if
the Commissioners Court so desires they may direct such
auditor to act also as Purchasing Agent?"

In answer to your first and second questions, apart from
any consideration of the constitutionality of the statutes mentioned
by you, we respectfully advise that the counties to which various
statutes apply, according to population or to assessed property valua-
tion, are fixed within certain brackets. As said in the case of Hall
vs. Bell County, 138 S.W. 180:

"It may be, as urged in the argument, that there
are counties in the class to which the law is made appli-
cable, the population of which very slightly exceed that
of other counties which are without it; and that it seems
unreasonable to make a discrimination upon so slight a
difference. To this the answer is the line must be
drawn some where, and that a similar duty would probably
result if the classification were made upon any other
basis. Exact equality in such matters, however desirable,
is practically unattainable."

We, therefore, reply to questions one and two, as contained
in your letter, in the affirmative. However, may we point out that we
are not, in this opinion, passing upon the question of the constitution-
ality of the statutes mentioned by you. As reflecting the views of this

department on this question, pertaining to other similar statutes, we enclose herewith, for your information, a copy of an opinion to Hon. Frank Wright, County Auditor, Bonham, Texas, by Hon. Wm. J. Fanning, Assistant Attorney General.

With reference to your third question, above stated, we would point out that Articles 1646 and 1647, Revised Civil Statutes 1925, as amended, provide that those counties who are not eligible to have a County Auditor because of the lack of the necessary population, or the required tax valuation, might have the benefit of the services of a County Auditor, upon compliance with the procedure therein outlined whereby such can be done.

The salary of such Auditor, however, is not fixed by the commissioners' court and/or by the district judge or judges, but is fixed by the plain provisions of Article 1645.  In that article is found a yard stick by which every such County Auditor's salary may be determined, to-wit, $125.00 for each One Million Dollars, or major portion thereof on the assessed valuation, to be computed from the last approved tax roll.  For your assistance, we are enclosing a copy of the exhaustive opinion of Hon. Bruce W. Bryant to Hon. A. W. Lowery, County Attorney, Nacogdoches, Texas, under date of May 19, 1939, as reflecting the opinion of this administration touching this question.

You then ask if, under Articles 1646 and 1647, such appointed County Auditor can be directed to act also in the capacity of Purchasing Agent of the County.

The powers and duties of a County Auditor are variously defined in Article 1651 through Article 1676a, inclusive, Revised Civil Statutes 1925 and amendments thereto.  No where is the Auditor authorized to act as Purchasing Agent under the Texas statutes.

It can be presumed that the office of Purchasing Agent, and the duties incident thereto, is a distinct capacity, not embraced within the general statutes pertaining to the office of County Auditor.  The Legislature has dealt separately with such in Article 1645a-1, as to certain counties, stipulating that "in addition to the regular duties performed by him as required by law, shall act as Purchasing Agent for the county," and has provided for an additional salary incident to the County Auditor acting as such.  Furthermore, Article 1646 contains this provision:

"When the commissioners' court of a county, not mentioned and enumerated in the preceding article shall determine that an Auditor is a public necessity in the dispatch of the county business, and shall enter an order upon the minutes of said court fully setting out the reasons and necessity of an Auditor, and shall cause

said Auditor to be certified to the district judges having jurisdiction in the county, said judges shall, if such reason be considered good and sufficient, appoint a county Auditor as provided in the succeeding article, who shall qualify and perform all the duties required of County Auditors by the laws of this State."

which "laws of this state", above referred to, do not include the duties of a Purchasing Agent.

Therefore, the duty of acting as Purchasing Agent not being prescribed by law, incident to the office of County Auditor, and no additional compensation being allowable therefor, you are respectfully advised that it is the opinion of this department that a County Auditor, appointed under Articles 1646 and 1647, could not be directed to act also in the capacity of Purchasing Agent for the county.

Trusting that the foregoing answers your inquiry, we remain,

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    Wm. J. Fanning /s
       Wm. J. Fanning
          Assistant

WJF:AW

APPROVED SEP18, 1939

Gerald Mann    /s
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
By EWC
    Chairman